UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MONTGOMERY JOHN DOOHAN, | ) | No. CV 09-07989-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

assessed Plaintiff's credibility (JS at 3); and

2. Whether the ALJ properly assessed Plaintiff's residual functional capacity ("RFC") when she found Plaintiff capable of "between light and sedentary work" (JS at 11);

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THE ALJ DID NOT PROPERLY ASSESS PLAINTIFF'S CREDIBILITY**

This is a case in which Plaintiff's allegations about the nature and extent of his pain, and functional limitations resulting from that pain, are critical in the determination of disability. In making her determination, the ALJ largely discredited Plaintiff's assertions of pain. Plaintiff testified extensively at the hearing before the ALJ (AR 25-44), indicating that he deals with his pain from his back to his leg every day. (AR 30.) He takes medications for pain. (Id.) The pain occurs three to four or even five times a day; the medication helps him sleep and takes away some of the pain; he has serious trouble sleeping at night based on leg pain; he can take care of some of his hygiene needs, such as showering, but has some problems with dressing; he tries to walk at least a mile a day but on some days he cannot; he can be on his feet about an hour at a time but then has to rest for three to four hours; he can sit for an hour at a time or perhaps an hour and a half; the medication he takes makes him drowsy; he has no health insurance and is not receiving medical treatment

through workers' compensation; he spends much of his time during the day sleeping; he does very few social activities. (AR 31-37.)

Plaintiff made similar claims in his Exertional Daily Activities Questionnaire (AR 131-136); and in a Pain Questionnaire (AR 137-139).

In her decision, the ALJ focused on Plaintiff's credibility as to his pain complaints. She first cited applicable regulations (e.g., 20 C.F.R. §404.1529), and Social Security Ruling ("SSR") 96-7p. (AR 21-22.) After noting these credibility assessment factors, the ALJ found that Plaintiff's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms. She continued by stating that, "However, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [determined] residual functional capacity assessment." (AR 22.)

The reasons cited in the decision are the following:

1. Plaintiff's treating orthopedist and consulting physicians felt that he was still capable of performing a significant degree of work-related activities (e.g., that Plaintiff's pain complaints are inconsistent with the objective evidence);

2. Plaintiff is not apparently receiving any current medical treatment other than medication refills;

3. Plaintiff admitted in his testimony that he is able to walk up to one mile a day, and on a Daily Activities Questionnaire, that he can drive up to five hours a day.

(AR 22.)

It is more than well established that after a claimant produces

objective medical evidence of an underlying impairment which could reasonably be expected to produce pain or other alleged symptoms (see Bunnell v. Sullivan 947 F.2d 341, 344 (9th Cir. 1991)), the ALJ must then specifically state what testimony is found to be credible and what testimony is found to be not credible, and the reasons provided, in the absence of malingering (which does not apply in this case) must be supported by clear and convincing evidence. (See Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)(quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).) Consequently, the Court's task is simple: to examine the reasons set forth in the record, and determine if they are supported by clear and convincing evidence. Any post-hoc rationales will be ignored. In this case, that consists of the Commissioner's argument as set forth in the JS that the independent consultative examiner found no muscle atrophy. (See JS at 9.) Such post-hoc rationales are, as the Commissioner clearly realizes, not appropriate for consideration by the Court in determining the correctness of the credibility decision. See Bray v. Commissioner of Social Security, 554 F.3d 1219 (9th Cir. 2009).

As to the first reason, which compares Plaintiff's pain complaints to the objective medical evidence, this may constitute one factor in the credibility analysis, but cannot stand on its own. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). Since the examining doctors here did not find Plaintiff to be disabled, it can fairly be concluded that there is a conflict between Plaintiff's pain complaints and the objective medical evidence. But, there must be additional factors which support the credibility analysis. Here, the ALJ determined that Plaintiff's subjective pain complaints were inconsistent with his activities of daily living ("ADL"). (AR 22.)

4

1  These conclusions are not, in fact, supported by the record.  Thus,
2  while the ALJ, in her credibility analysis, emphasized that Plaintiff
3  "admitted in his testimony" that he could walk up a mile a day (AR
4  22), she had previously noted, in characterizing Plaintiff's
5  testimony, that he tries to walk a mile a day. (AR 20.)  Indeed, in
6  his Exertional Daily Activities Questionnaire, Plaintiff indicated he
7  can walk an eighth of a mile in 30 minutes.  This would equate to
8  walking one mile in four hours. (AR 131.)  There is more than a
9  technical or semantic distinction to be made here.  Plaintiff's
10 descriptions of his ADLs are far more limited than the ALJ allowed.
11 For example, while the ALJ relied upon an interpretation of
12 Plaintiff's answers in a Daily Activities Questionnaire that he can
13 drive up to five hours a day (AR 22), his actual answer was "5 hours
14 a day.  I have done in the past now?" (AR 132.)  The Court perceives
15 an obvious possible ambiguity in Plaintiff's answer, as referencing
16 his past abilities, not present abilities.  Again, an ability to drive
17 five hours a day would be inconsistent with the other limitations
18 which Plaintiff described, both in his testimony and in the
19 questionnaire.  That should have been cleared up at the hearing.
20 Instead, a firm interpretation was given to an ambiguous answer, which
21 was held against Plaintiff in the credibility determination.  The ALJ
22 also relied upon Plaintiff's testimony that he is not receiving any
23 current medical treatment other than medication refills. (AR 22.)  As
24 Plaintiff acknowledges in the JS, an unexplained effort to seek
25 medical treatment can cast doubt on a person's credibility; however,
26 such an inference would be unreasonable in the face of evidence that
27 an individual does not have the financial ability to obtain medical
28 treatment. (See SSR 96-7p; see also Gamble v. Shalala, 68 F.3d 319,

321 (9th Cir. 1995).) Here, Plaintiff specifically testified that he does not have medical insurance and that if he gets any medical care, it is paid for by his mother. (AR 34.) That explanation was apparently ignored in favor of a negative credibility connotation that Plaintiff's lack of current medical treatment is evidence of a lack of pain, or any requirement of treatment for that pain. Plaintiff takes pain medications which are renewed as necessary.

The above constitutes the stated basis for the credibility assessment set forth in the ALJ's decision. Other than a possible conflict between Plaintiff's pain complaints and the objective evidence, the reasons are very thin, and are in fact either not supported by the evidence, or are so ambiguous that they do not justify conclusions which weigh against Plaintiff's credibility. For that reason, this matter must be remanded for a new hearing and a de novo credibility assessment.

Based on the foregoing, it is not necessary for the Court to address in any significant detail Plaintiff's second issue, which is that his RFC was not properly assessed when the ALJ found Plaintiff to be capable of "between light and sedentary work." As Plaintiff argues, his RFC cannot be properly determined absent an assessment of the extent to which Plaintiff's pain figures into the calculation of the RFC. Since the Court has discarded the ALJ's credibility assessment, and remanded for a new hearing, it will be necessary to reassess Plaintiff's RFC in light of the evidence, including a new credibility finding.

//
//
//

    For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**


DATED: September 2, 2010　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　VICTOR B. KENTON
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE